IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STANLEY B. EXUM | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-89 |
| WARDEN, USP BEAUMONT MEDIUM | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Stanley B. Exum, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner contends the BOP has improperly calculated his sentence. Petitioner seeks credit towards his federal sentence for time spent in custody prior to sentencing.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion to Dismiss, or in the Alternative, for Summary Judgment filed by Respondent. (Doc. #6.) As Respondent has presented information outside the pleadings, the filing will be considered as a Motion for Summary Judgment. *See* FED.R.CIV.P. 12(d).

Factual Allegations

In his Petition, (doc. #1), Petitioner states that he was previously convicted of a federal offense. He states that at the sentencing hearing, the court directed that he receive credit towards his sentence for time spent in custody as a result of his federal offense. Petitioner's judgment states that he is sentenced to 37 months of imprisonment, "with credit for time served while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b)." (Doc. #6-1 at 36.). Despite the court's directive, Petitioner states the BOP has refused to give him credit towards his sentence for time spent in custody prior to the date of his conviction.

<u>The Motion for Summary Judgment</u>

Respondent contends Petitioner is not entitled to relief. Attached to the Motion for Summary Judgment is a Declaration from Juannetta Hayes, a management analyst at the BOP's Designation and Sentence Computation Center. Ms. Hayes states, in part, as follows:

> In February 2020, inmate Exum was arrested and released on bond for Possession of a Controlled Substance in Midland County, Texas, Case No. CR55809.
>
> On May 18, 2020, inmate Exum was arrested and detained by state authorities for Evading Arrest in Midland County, Case No. CR55313. That same day, based on circumstances arising during this arrest, a federal criminal complaint was filed in the United States District Court for the Western District of Texas (Magistrate Case Number 20-MJ-178) charging inmate Exum with being a Felon in Possession of a Firearm.
>
> On May 19, 2020, inmate Exum was temporarily transferred to federal custody on a writ of habeas corpus ad prosequendum, to face the Felon in Possession charge. On July 20, 2020, an indictment was filed in the United States District Court for the Western District of Texas (Case Number 20-cr-192), charging inmate Exum with being a Felon in Possession of a Firearm.
>
> On December 8, 2020, the Western District of Texas imposed a 37-month term of imprisonment. The judgment was silent as to whether the sentence should be served concurrently or consecutively with any sentences to be imposed in Midland County, Texas, Case Nos. CR55809 & CR55313.
>
> Inmate Exum was then returned to state custody to face sentencing on his pending Midland County charges. On February 26, 2021, he was sentenced to a total of five years' imprisonment with the TDCJ, and received credit for all time spent in custody.
>
> Inmate Exum remained in primary state custody on his Midland County charges until September 27, 2021. At that time, he was paroled on his state charges and released to exclusive federal jurisdiction. Inmate Exum's federal sentence commenced at that time.
>
> Because inmate Exum already received credit against his state sentences for the time spent in custody from May 18, 2020, through September 26, 2021, this time cannot be credited to his federal sentence. Any time spent in custody in February 2020 cannot be credited against inmate Exum's federal sentence because it occurred before, and was unrelated to, the commission of his instant federal offense. Moreover, it appears that time was also credited against inmate Exum's state sentence in Case No. CR55809. Thus, any time credit resulting from that detention is squarely precluded by 18 U.S.C. § 3585(b).
>
> Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. Moreover, as discussed, inmate Exum already received credit against his state sentences for any time he spent on a writ between May and December 2020. Accordingly, he is not entitled to credit against his federal sentence for that time.

> Inmate Exum's sentence has been computed in accordance with the above-cited federal statutes and BOP Program Statements. He is currently scheduled to be released from BOP custody on May 13, 2024, via Good Conduct Time release.

(Doc. #6-1 at 4-5).

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003). If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

## Analysis

Title 18 U.S.C. § 3585(b) provides that a defendant shall be given credit towards his sentence for time spent in official detention before the date the sentence commences, so long as that time has not also been credited towards another sentence. Petitioner does not dispute that he received credit towards his state sentence for the time spent in custody prior to the date of his federal conviction. As a result, Section 3585 does not permit this period of time to also be credited towards his federal sentence.

Petitioner correctly points out that his judgment provides that he is to be given credit towards his federal sentence for the time he spent in custody as a result of his federal offense. However, the Attorney General, through the BOP, determines what credit should be awarded for time spent in custody prior to the commencement of a federal sentence. *United States v. Wilson*, 503 U.S. 329, 333-34 (1992). A federal district court does not have statutory authority to award credits towards a federal sentence that was also credited towards a state sentence. *United States v. Benavides-Hernandez*, 548 F. App'x 278, 280 (5th Cir. 2013). As a result, the BOP was not required to give Petitioner credit for time spent in custody prior to the date of his federal conviction.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact as to whether Petitioner is entitled to relief and Respondent is entitled to judgment as a matter of law. The Motion for Summary Judgement should therefore be granted.

## Recommendation

Respondent's Motion for Summary Judgment should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED this the 30th day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE